**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

ANDREW REID,
ADC #134373                                                                                    PLAINTIFF

5:12CV00080-KGB-JTK

GAYLON LAY, et al.                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.     Introduction

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No.

75).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 78).

Plaintiff Andrew Reid is a state inmate incarcerated at the Varner Super Max Unit of the

Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983,

alleging First Amendment violations due to Defendants' prohibition of a gender identity publication

he ordered from the "Community Church of Boston," entitled the "Black and Pink Newsletter."

(Doc. Nos. 7, 8.)   Plaintiff asks for injunctive relief from the Defendants.

### II.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

A.      **Defendants' Motion**

In support of their Motion, Defendants state that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.    In support, Defendants present the Affidavit of Barbara Williams, who is the ADC Inmate Grievance Supervisor (Doc. No. 75-1). After reviewing Plaintiff's file, Ms. Williams states Plaintiff did not fully appeal any grievances concerning the issues raised in this action, prior to filing this lawsuit.  (Id. at p. 2.)  She states that Plaintiff did file a grievance on February 3, 2012, complaining that he did not receive the material he ordered from his church, but that he did not fully exhaust the administrative remedy process until April 14, 2012, when Defendant May denied his grievance appeal.  (Id. at pp. 2-6)  However, Plaintiff filed this lawsuit on February 24, 2012, prior to the exhaustion of his administrative remedies.  (Id.)

3

Defendants also state that the grievance policy in effect at the time of the incident, Administrative Directive (AD) 10-32.IV.N. specifically states, "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit..."  In addition, they cite <u>Jones v. Bock</u>, where the United States Supreme Court held that the PLRA exhaustion procedure requires inmates to complete the grievance process specified by their prison policy prior to filing a lawsuit.  549 U.S. 199, 218 (2007).  Based on these requirements, Defendants state that Plaintiff's complaint against them should be dismissed for failure to exhaust his administrative remedies.

**B.      Plaintiff's Response**

In his Response, Plaintiff argues the merits of his claim against Defendants and does not address the exhaustion defense.

**C.      Analysis**

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), <u>unconst'l on other grounds</u>, <u>Siggers-El v. Barlow</u>, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, the United States Court of Appeals for the Eighth Circuit held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust

4

them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" <u>Chelette v. Harris</u>, 229 F.3d 684, 688 (8th Cir. 2000), quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000).  In <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis in original.)   Finally, in <u>Jones v. Bock</u>, 549 U.S. at 218, the Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

According to the Affidavit of Barbara Williams, Plaintiff filed one grievance on February 3, 2012, complaining about not receiving the mail from his church.  (Doc. No. 75-1, pp. 2-6.) Plaintiff filed this lawsuit on February 24, 2012, prior to the time the grievance was finally resolved by Defendant May's denial of his appeal, on April 14, 2012.  (<u>Id</u>.)  Therefore, Plaintiff did not fully exhaust his administrative remedies as to the incident at issue prior to filing his lawsuit, and this action must be dismissed.  <u>See</u> <u>Johnson v. Jones</u>, 340 F.3d at 627.  The Court also notes that in the grievance Plaintiff filed, CU-23-00335, he does not name any of the Defendants in this lawsuit, contrary to the ADC requirements which provide, "On the Unit Level Grievance Form,...,the inmate should write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form."  AD 10-32.IV.E.2 (Doc. No. 75-2, p. 5.)  In <u>Jones v. Bock</u>, 549 U.S. at 218, the United States Supreme Court held that "it is the prison's requirements, and not the PLRA, that

define the boundaries of proper exhaustion." In addition, in <u>Jones v. Hobbs</u>, 5:08CV00233-SWW, (No. 12-2002, 8th Cir. January 22, 2013), the court upheld the dismissal of two defendants from inmate Jones' complaint for failure to exhaust, finding that he did not name them in his grievance papers, "as required by the grievance policy of the Arkansas Department of Correction." Therefore, the Court finds as a matter of law that Plaintiff failed to exhaust his administrative remedies as required by the PLRA.

### III.    Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 75) be GRANTED and that Plaintiff's Complaint against Defendants be DISMISSED without prejudice.

IT IS SO ORDERED this 7th day of March, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE